IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:10-CV-935-ORL-35 GJK

VITALIY LIVSHETZ,

    Plaintiff,

v.

GOLD KEY CREDIT, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, VITALIY LIVSHETZ ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Orange, and City of Orlando.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, GOLD KEY CREDIT INC. ("Defendant") or ("GOLD KEY") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant contacted Plaintiff about an alleged debt.

12. Defendant told Plaintiff that it was "not possible to dispute" the alleged debt.

13. Defendant implied that paying the debt was disgraceful and asked Plaintiff: "how would you feel if someone didn't pay a debt they owed you."

14. Defendant also threatened to ruin Plaintiff's credit score for 7 years.

15. Defendant' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692e(10) by telling Plaintiff that it was "not possible to dispute" the alleged debt.

18. This statement is false and misleading as it ignores the clear requirement that Defendant inform Plaintiff of his right to dispute and that Defendant provide validation of the debt upon timely dispute.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

20. Defendant violated 15 U.S.C. § 1692g(b) by representing to Plaintiff that he has no right to dispute the alleged debt, which statement is inconsistent with the disclosure of Plaintiff's right to dispute the debt within thirty-days.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

22. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including slandering Plaintiff's character while in telephonic communication with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

24. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to ruin Plaintiff's credit score for 7 years.

25. It is a false threat to threaten to "ruin" Plaintiff's credit for 7 years; while listing an unpaid debt would harm Plaintiff's credit, it would not "ruin it," which makes the threat a false threat.

26. Also, the debt had already been around for some time prior to the threat being made, such that it actually could not be listed for a full 7 years if reported.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

28. Defendant violated Fla. Stat. §559.72(8) by using willfully abusive language in communicating with Plaintiff including falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including slandering Plaintiff's character while in telephonic communication with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## COUNT VI

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

30. Defendant violated Fla. Stat. §559.72(9) by asserting the existence of some legal right with the knowledge that the right does not exist, including threatening to ruin Plaintiff's credit score for 7 years.

31. It is a false threat to threaten to "ruin" Plaintiff's credit for 7 years; while listing an unpaid debt would harm Plaintiff's credit, it would not "ruin it," which makes the threat a false threat.

32. Also, the debt had already been around for some time prior to the threat being made, such that it actually could not be listed for a full 7 years if reported.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of June, 2010

Respectfully submitted,
VITALIY LIVSHETZ

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com